COMMERCIAL BANK *v.* MARY F. BUFORD, ET AL.

**Sales—Payment.**

The evidence was held to show that the owner of the property sold paid the person who sold the same and received the proceeds thereof.

APPEAL FROM ANDERSON CIRCUIT COURT.

June 28, 1873.

OPINION BY JUDGE HARDIN:

The essential question to be decided in this case is one of fact whether the race horses Delman, Onward and Luxonburg were owned in good faith by the appellee, Mary Buford, when they were sold and their proceeds realized by her, or were in fact the property of Thomas Buford, ostensibly claimed and covenanted by her for his benefit and to aid in defrauding his creditors.

Having read and carefully considered the record, and the full and elaborate briefs of the counsel, in which we find the important portions of the evidence on both sides fairly collated and presented, as was substantially done in the oral argument, we can not think it necessary or useful in this opinion to state the evidence or analytically review it. But we deem it sufficient to say that whatever may have been the intention of Thomas Buford in selling his own property to Alexander and others, the evidence concerning the purchase and keeping of the horses and their ulti-

4

mate sale by Mary Buford, conducing to explain the apparent possession of Thomas Buford of the horses, who, though seeming to claim them at times, afterward admitted her ownership of them, in our opinion preponderates over the fact and circumstances proved and relied on to sustain the alleged cause of action, which are wholly inconsistent with the answers of Mary and Thomas Buford to the plaintiff's interrogation and the testimony of the latter first taken by the plaintiff.

Wherefore the judgment is *affirmed.*

*Turner, Twyman, Thornton, for appellant.*

*Eginton, for appellee.*